**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1714

RANDY L. GREENE,

Plaintiff - Appellant,

versus

A. DUIE PYLE, INCORPORATED,

Defendant - Appellee.

---------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Amicus Supporting Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-
04-1700-1-JFM)

Argued: January 31, 2006          Decided: March 20, 2006

Before WILKINS, Chief Judge, and MICHAEL and TRAXLER, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** C. William Michaels, Baltimore, Maryland, for Appellant.
Julie Loraine Gantz, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Office of General Counsel, Washington, D.C., for Amicus
Supporting Appellant. Randall Charles Schauer, DILWORTH PAXSON,
L.L.P., Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** James

L. Lee, Deputy General Counsel, Lorraine C. Davis, Acting Associate General Counsel,  Vincent J. Blackwood, Assistant General Counsel, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Supporting Appellant.  Eric B. Meyer, DILWORTH PAXSON, L.L.P., Philadelphia, Pennsylvania, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A. Duie Pyle, Inc. (Pyle) terminated employee Randy Greene after Greene complained to management about sexually offensive materials he found in the workplace. Greene sued Pyle, alleging hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court entered summary judgment in favor of Pyle, and we affirm.

## I.

Greene began working as a truck driver for Pyle in March 2001. At Pyle's York, Pennsylvania, terminal where Greene was assigned, he saw certain materials he considered sexually offensive. The materials were (1) a Penthouse magazine and a Playboy magazine in the cafeteria, (2) a Playboy magazine in the men's room, and (3) at least fifteen faxes, cartoons, or e-mails, about half of which were posted near the time clock. On April 25, 2002, Greene also saw a list of jokes that played on gender stereotypes. For example, one joke read, "How many men does it take to open a beer? None. It should be opened by the time she brings it." J.A. 287-88.

Greene reported the inappropriate materials to management on at least three occasions. In February 2002 he reported to terminal manager Eric McVeigh that another employee had told an

3

"off-color" joke. J.A. 613. On April 5, 2002, Greene met with Tom Chambers, Pyle's Human Resources Director, to express his discomfort with materials in the terminal that he found offensive. Greene explained that he was a Christian so that Chambers would "know where [he] was coming from." J.A. 153. Chambers responded that the materials Greene described should not be left around for others to see and that Pyle did not condone such materials. Chambers also told Greene that he would discuss the matter with McVeigh. Later that day, McVeigh called Greene into his office. McVeigh angrily told Greene that the magazines at the terminal were not a problem. Nevertheless, McVeigh also said he would talk to anyone who brought inappropriate materials to work and asked Greene to bring any such materials he found in the terminal to McVeigh's attention.

From April 5 to April 25, 2002, Greene did not find any inappropriate material inside the Pyle terminal. During the second week of April, however, another driver standing just outside the terminal showed Greene a picture of a naked woman with a fish. The driver "showed [it to] everybody he could." J.A. 108. On April 25 Greene found the joke list described above taped to the wall, and he took the list to McVeigh. McVeigh accused Greene of "trying to cause . . . trouble" and then fired him. J.A. 191.

In June 2004 Greene filed a two-count complaint alleging that Pyle tolerated a sexually hostile work environment and

4

retaliated against Greene in violation of Title VII.  Both Greene and Pyle filed motions for summary judgment.  On May 31, 2005, the district court denied Greene's motion and granted Pyle's.  Greene v. A. Duie Pyle, Inc., 371 F. Supp. 2d 759 (D. Md. 2005).  Greene appeals.

II.

Greene argues that the district court erred in entering judgment for Pyle on his hostile work environment claim.  To state a prima facie case of discrimination based on a sexually hostile work environment, Greene must show (1) that he was harassed because of sex, (2) that the harassment was unwelcome, (3) that the harassment was sufficiently severe or pervasive to create an abusive working environment, and (4) that some basis exists for imputing liability to Pyle.  Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772 (4th Cir. 1997).  The district court held that Greene's allegations, even if accepted as true, do not describe the degree of severity or pervasiveness necessary to create a hostile work environment.  Greene, 371 F. Supp. 2d at 763-64.  As the district court noted, the prevalence of pornography and sexual comments in the workplace can support a claim of hostile work environment in some circumstances, but the workplace Greene describes is not the type of abusive environment against which Title VII protects.  Id.  We agree with the district court's

5

determination that Pyle is entitled to summary judgment on the hostile work environment claim.

III.

Greene also argues that the district court erred in rejecting his retaliation claim. Title VII makes it unlawful for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice" by the Act. 42 U.S.C. § 2000e-3. To state a prima facie retaliation claim, Greene must show (1) that he engaged in protected activity, (2) that an adverse employment action was taken against him, and (3) that there was a causal link between the protected activity and the adverse action. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005). To satisfy the protected activity element, Greene must show that when he made his complaint he had an objectively reasonable belief that Pyle engaged in an unlawful employment practice by allowing offensive materials in the terminal. Id. at 406-07. As the district court observed, Greene's testimony boils down to a few observations of lewd magazines and inappropriate jokes or drawings over a seven-month period of employment. Greene, 371 F. Supp. 2d at 764. We agree with the district court's conclusion that, based on this handful of observations, Greene did not have an objectively reasonable belief that Pyle's actions were unlawful. Because Greene cannot show that

6

he engaged in protected activity, Pyle is entitled to summary judgment on the retaliation claim.

***

For the foregoing reasons, we affirm the district court's entry of summary judgment for Pyle on Greene's Title VII claims.

AFFIRMED